Filed 3/28/14  P. v. Johnson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B249360 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA024010) |
| v. | |
| MATTHEW LOUIS JOHNSON, | |
| Defendant and Appellant. | |

THE COURT:[*]

Matthew Louis Johnson appeals from the denial of his motion for "time reconsideration" under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and in the furtherance of justice under Penal Code section 1385.[1]  Defendant is currently serving a sentence of 78 years to life based on his 1997 convictions for four counts of second degree robbery (§ 211), one count of attempted robbery (§§ 664/211), and two counts of possession of a firearm by a felon with four priors (§ 12021, subd. (a)(1).  Defendant was found to have personally used a firearm under section 12022.5, subdivision (a) in each of the robberies and the attempted robbery.  The information alleged that defendant had

---

[*]     BOREN, P. J ., ASHMANN-GERST, J., CHAVEZ, J.

[1]     All further references to statutes are to the Penal Code unless stated otherwise.

suffered seven prior convictions for serious felonies within the meaning of sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i), and four serious felony convictions within the meaning of section 667, subdivision (a)(1). Defendant's prior convictions included two first degree burglaries (§ 459) and five robberies (§ 211). The trial court sentenced defendant under the "Three Strikes" law after denying his motion to dismiss his prior convictions.

On May 2, 2013, defendant filed a motion for reconsideration of his sentence. He pointed out that no one had ever been harmed during his crimes, and he asserted that he was not a danger to society. He pointed out his good behavior in prison, his strong family ties, and the fact that he had already served over 17 years at the time of the motion. He argued that being sentenced to die in prison was cruel and unusual punishment. The motion included exhibits showing his educational achievements while in prison and numerous letters of support.

On May 2, 2013, the trial court stated it had carefully read the motion to reconsider the sentence. The court denied the motion stating, "Petitioner has a long criminal history that indicates the use of a handgun in his violent criminal activities." Defendant's motion for reconsideration of this ruling was denied.

Defendant filed an appeal on June 4, 2013. We appointed counsel to represent him on appeal. After examination of the record, counsel filed an "opening brief" in which she stated that she had failed to find any arguable issues. On November 1, 2013, we informed defendant that he had 30 days in which to file a supplemental brief containing any issues he wished this court to consider. On September 4, 2013, defendant filed a request for a different appellate attorney, which was denied. On November 7, 2013, defendant filed a supplemental brief. Defendant first requests this court to provide counsel to brief his issues appropriately. Secondly, he asks that we remand his case to the sentencing court for resentencing as a "second striker" and refers us to his original argument and the exhibits mentioned previously.

As for providing counsel to brief his issues properly, if this court were to find an arguable issue among those raised by defendant or elsewhere in the record, we would

"inform counsel for both sides and provide them an opportunity to brief and argue the point." (*People v. Wende* (1979) 25 Cal.3d 436, 442, fn. 3 (*Wende*).) With respect to defendant's "second striker" claim, we disagree with his assertions. Defendant states that his 1986 prior conviction in case No. A783423 was consolidated into case No. A095371 and dismissed. He also asserts that case No. A740711 was run concurrently to case No. A926602. There is no evidence in the record that case No. A783423 or case No. A095371 was dismissed. Even though defendant may have received concurrent sentences in case No. A740711 and case No. A926602, he was nevertheless convicted of five robberies under those two case numbers, each of which is a strike conviction. (§§ 667, subd. (d)(1), 667.5, subd. (c)(9).) Given defendant's lengthy history of burglaries and robberies with use of a firearm, including those which resulted in his current incarceration, we cannot disagree with the trial court.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.